MATTER OF THE STUYVESANT INSURANCE COMPANY

In Bond Cancellation Proceedings

A-18323023

*Decided by Acting Regional Commissioner April 9, 1970*

A maintenance of status and departure bond posted in behalf of a nonimmigrant visitor was properly breached when the alien violated the conditions of his nonimmigrant status by accepting employment during the period of his authorized admission even though he was subsequently granted adjustment of status to that of a lawful permanent resident based on an application under section 245, Immigration and Nationality Act, as amended, filed after he had violated his status.

ON BEHALF OF APPELLANT: Czeslaw L. Rawski, Esquire
1608 Milwaukee Avenue
Chicago, Illinois 60647

This case is before the Regional Commissioner on appeal from the District Director's decision of March 16, 1970 breaching the bond on which the appellant was the obligor. The bond in the amount of $2500 was posted on June 21, 1968 as a condition to the issuance of a nonimmigrant visitor's visa to the alien and of his admission to the United States in that status.

The alien was admitted to the United States as a visitor for pleasure on October 21, 1968 until February 16, 1969. On February 4, 1969 his application for an extension of stay was approved until August 16, 1969. It is noted that he made no response to item 9 on the application concerning employment in the United States.

On December 5, 1969 a petition to accord the alien sixth preference immigrant classification was approved. On February 2, 1970 he was accorded permanent resident status pursuant to section 245 of the Immigration and Nationality Act, based on an application filed April 30, 1969.

By the terms of the bond in question the alien was required to comply with two specific conditions: that he depart from the United States on or before the date to which admitted or the date to which his stay was extended and that he accept no employment

555

while in the United States. Upon failure of the alien to comply with either or both of these conditions, the bond became due and payable immediately.

The record contains evidence the alien accepted unauthorized employment with Clermont Tool Specialties, Franklin Park, Illinois as a jig bore and jig grinder operator on December 14, 1968 and he was still so employed on August 16, 1969. It is apparent he was aware that by so doing he violated the nonimmigrant status under which he was admitted to the United States. There can be no other reason for his failure to disclose this employment on the application for extension of stay he filed more than a month after he began working.

On appeal counsel argues that the loss by forfeiture of the bond will ultimately fall on the alien and will be a great financial burden to him as his life savings are in Poland and he is starting a new life in the United States from scratch.

In violating the terms of his nonimmigrant status, the alien rendered himself subject to deportation pursuant to section 241 (a) (9) of the Act. That the Service did not choose to enforce his departure, but instead granted him the privilege of remaining here permanently, speaks well for the fair and considerate treatment accorded aliens by the government of the United States. However, under the express and unambiguous terms of the bond in question, the appellant became liable, as surety, and the security was to be forfeited "in the case of any default in the performance of any of the conditions." Although we are sympathetic to counsel's plea in the alien's behalf, we find proper the District Director's decision to breach the bond.

The appeal will be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.